IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JEFFREY KANTOR,

        Plaintiff,

v.                           Civil Action No. 1-12-cv-01289-TSE-TRJ

APPIAN CORP.,

        Defendant.

## ORDER

This matter is before the court on defendant's motion for sanctions (no. 49), which the court took under advisement on November 22, 2013. For the reasons stated below, the court vacates the finding from the bench that plaintiff's case should be dismissed with prejudice, and directs that the parties proceed as directed below.

### Factual and Procedural Background

On November 13, 2012, plaintiff Jeffrey Kantor filed a one-count complaint against defendant Appian Corporation ("Appian") for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff was formerly employed by Appian, a software company, from April 2009 until 2011 as a contractor. Compl. ¶¶ 5-6. Plaintiff alleges that he was discriminated on the basis of race and religion in the workplace and was terminated by defendant after he complained of alleged anti-semitic comments and harassment made by other non-Appian contractors. Compl. ¶ 30.

Plaintiff was pro se at the time of filing the complaint until he retained counsel in September 2013, and has been represented since by counsel.

Before and after retaining counsel, plaintiff has resisted defendant's legitimate discovery requests to the point of obduracy. He has refused to fully respond to the majority of Appian's interrogatories and requests for production, despite multiple attempts by defense counsel to confer with plaintiff and plaintiff's counsel to get adequate discovery responses. On November 7, 2013, in response to plaintiff's ongoing discovery deficiencies, defendant simultaneously filed a Motion to Compel (no. 51) which has since been heard and granted, and a concurrent Motion for Sanctions (no. 49) which is the subject of this order.

A brief summary of the discovery process in this matter is necessary.

A scheduling order was issued on July 25, 2013 setting the initial pretrial conference for August 21, 2013, discovery deadline December 13, 2013 (no. 27), and the final pretrial conference for December 19, 2013. A joint discovery plan was filed on August 14, 2013 (no. 29) and the initial pretrial conference was held on August 21, 2013 (no. 30). Plaintiff did not appear at the initial pretrial conference. *Id.*

On August 23, 2013, Appian served its first set of interrogatories and requests for document production. On September 11, 2013, plaintiff untimely filed his initial disclosures and discovery objections along with responses (nos. 39, 40, 41). Plaintiff's Fed. R. Civ. Rule 26(a)(1) initial disclosures were due on September 4, 2013 pursuant to the discovery plan (no. 29, ¶1) and plaintiff's objections to discovery requests were to be served on defendant within eighteen (18) days of the date defendant served its first set of discovery requests.[1] *See* Df. Mot. for Sanc. Mem. Clair Dec. ¶¶ 3-4 & Exhs. A-D. *Id.* Moreover, in response to the thirty-seven document requests, plaintiff produced one document and refused to fully respond to a majority of the interrogatories and requests for production. Df. Mot. for Sanc. Mem. pg. 2.

---

[1] *See* Local Civil Rule 26(C) and Fed. R. Civ. P. 6.

On the same day, September 11, 2013, plaintiff filed a second motion for a thirty day continuance[2] of all pending deadlines in this matter due to plaintiff recently retaining counsel (no. 38). On September 20, 2013, this court granted in part plaintiff's motion for a continuance thereby providing plaintiff a two week extension which to serve full and complete interrogatory answers and a Rule 34 document response by October 7, 2013 (no. 46). However, this order was not entered pursuant to Fed. R. Civ. P. 37(a).

On October 7, 2013, plaintiff's counsel, Mr. Swift, served Appian's counsel, via e-mail, with "supplemental responses" and three additional documents but major deficiencies still remained (no. 50). Clair. Dec. ¶ 8, Exhs. E & F. On October 17, 2013, by letter, Appian's counsel informed plaintiff's counsel that plaintiff failed to fully respond to interrogatories and provide relevant documents. Clair Dec. ¶ 9, Exh. H. In this letter, defendant's counsel specifically identified deficiencies and requested that plaintiff provide supplemental responses, documents and privilege log by close of business on October 24, 2013. *Id.* at 16. On October 25, 2013, after not hearing from plaintiff's counsel, defendant counsel initiated a telephone conference with Mr. Swift who indicated that he did not yet have a chance to discuss the deficiency letter with his client. Clair Dec. ¶ 11. On October 28, 2013, Mr. Swift informed Ms. Clair that he needed more time to discuss the matter with his client and attempted to provide some supplemental responses orally but defense counsel requested that responses be in writing. Clair Dec. ¶¶ 11, 12.

The parties then agreed that plaintiff needed to provide complete responses to all outstanding discovery requests no later than 5:00 p.m. on October 30, 2013. Clair Dec. ¶ 13. Defendant expressed the need for immediate discovery responses in light of plaintiff's previously

---

[2] On September 6, 2013, plaintiff filed a similar Motion for a 30 Day Continuance (no. 35) which was denied as

scheduled November 20, 2013 deposition. Df. Mot. for Sanc. Mem. pg. 4. On October 30, 2013 at 9:56 p.m., plaintiff provided defendant with his second supplemental objections and responses which were deficient and almost identical to those initially served by plaintiff, primarily adding six sentences to the answers to Interrogatory Numbers 2 and 3. Df. Mot. for Sanc. Mem. pg. 4, Clair Dec. ¶ 15, Exh. J. Moreover, plaintiff did not supplement his responses to Appian's request for documents or produce any additional documents. *Id.*

On November 7, 2013, defendant simultaneously filed a Motion to Compel (no. 51) and in the alternative, Motion for Sanctions (no. 49). In defendant's Motion to Compel and Motion for Sanctions memorandum, defendant requested that plaintiff be compelled to fully respond to Interrogatory Numbers 8 and 14-16. Df. Mot. for Sanc. Mem. pg. 29. These interrogatories particularly requested information about plaintiff's health treatment, charges of discrimination asserted by plaintiff against other employers, and plaintiff's employment and source of income after his termination from Appian. Clair Dec. Exh. A. Also, defendant requested that the court compel plaintiff to produce documents in response to Request for Production Numbers 8, 11-17, 19-25, 27, 28-30, 34-35. Df. Mot. for Sanc. Mem. pg. 29. These document requests seek relevant documents, including but not limited to statements plaintiff made concerning allegations in plaintiff's complaint, documents regarding any alleged anti-semitic comments made by other contractors, plaintiff's complaints made to Appian and other former employees, and documents related to plaintiff's claim for damages like tax documents and medical records. Clair Dec. Exh. B. Plaintiff obstreperously objected to many of these discovery responses on the basis of relevance, burdensome, overbreadth, attorney-client and work product privileges, and constitutional violations. Clair Dec. Exhs. D &F.

---

moot given that defendant's motion to dismiss which was heard on the same day was denied (no. 37).

On November 15, 2013, the court granted defendant's motion to compel and continued defendant's motion for sanctions (no. 49) to November 22, 2013 to allow plaintiff an opportunity to comply with discovery obligations (no. 55). From the bench, the court ordered plaintiff to not only serve defendant with full and complete discovery responses by close of business on Wednesday, November 20, 2013, but also to file any supplemental discovery responses with the court. By 10 a.m. on November 22, 2013, plaintiff had not filed with the court any responsive discovery responses pursuant to the November 15, 2013 ruling.

At the November 22, 2013 hearing, defendant's counsel indicated that plaintiff served defendant with his supplemental discovery responses shortly after the close of business on Wednesday, November 20, 2013. When the court asked why plaintiff's counsel did not file discovery responses with the court as instructed, plaintiff's counsel, Mr. Swift, indicated that he did not know he needed to file such documents with the court and proceeded to provide the court with a hard copy of plaintiff's Third Supplemental Responses to Defendant's First Set of Interrogatories, Second Supplemental Response to Defendant's First Set of Requests for Production, and privilege log.

At the November 22nd hearing, defense counsel argued that these responses remained insufficient and that plaintiff had yet to provide a plethora of missing documents presumably in his possession including his journal, hundreds of pertinent e-mails and letters, job search documents, medical documents, and other documents in support of his damages (no. 56). Plaintiff's counsel stood by his objections that some of the missing documents like plaintiff's journal and correspondence with his attorney father were protected by work product privilege and the attorney-client privilege. Also, plaintiff's counsel indicated that he could not produce all responsive documents due to time pressure and delays in getting certain medical records.

Despite these presumed time constraints, plaintiff never asked the court for an extension in order to comply with the court's November 15th directives.

From the bench, the court found that plaintiff did not fully comply with the November 15, 2013 order. Hence, the court found that defendant was significantly prejudiced by plaintiff's failure to timely supply fully responsive answers and documents that are highly relevant to the claims and defenses in this case. In addition to finding that dismissal was appropriate, the court ordered defense counsel to submit a fee affidavit within two weeks[3] and provided that plaintiff's response was due one week thereafter (no. 56).

***

The court adheres to the finding on November 22, 2013, that defendant has been seriously prejudiced, and to previous determinations that plaintiff's continuing resistance to discovery has been unjustified and unacceptable.

However, review of the record demonstrates that the court erroneously believed that the November 15, 2013, order (no. 55) was issued under Fed. R. Civ. P. 37(b) with a Rule 37(a) order (the September 20, 2013 order) as its predicate and prerequisite. Because the earlier order was not so based, and a Rule 37(a) order is indeed a prerequisite, therefore the order granting the motion to compel on November 15, 2013, was issued under Rule 37(a) and cannot be the basis for Rule 37(b) sanctions. The court's bench finding on November 22, 2013, was therefore erroneous, and is vacated.

It is accordingly ORDERED as follows:

1. The discovery period is extended through January 10, 2014.

---

[3] On December 6, 2013, defendant timely submitted an application for Attorneys' Fees with supporting declarations (no. 57). Plaintiff's response to defendant's fee affidavit is due December 13, 2013.

2. The final pretrial conference is continued to January 16, 2014, at 11:00 a.m. before Judge Ellis.

3. Counsel shall confer and contact my law clerk to schedule a Rule 16(b) conference to occur by telephone on December 10 or 11, 2013, to manage completion of discovery.

4. The court having already found that plaintiff failed to comply with the Rule 37(a) order entered on November 15, 2013, the court now directs plaintiff pursuant to Rule 37(b) to produce all responsive documents and provide complete interrogatory answers as previously ordered within seven days. Without limiting the generality of the foregoing, a privilege claim that the court finds frivolous will be deemed a predicate for Rule 37(b) sanctions. (The court notes that plaintiff's counsel delivered documents to chambers after the last hearing. The court has not examined them.)

5. The schedule for briefing on award of counsel fees remains unchanged.

ENTERED this 6th day of December, 2013.

/s/Thomas Rawles Jones, Jr.
_____
Thomas Rawles Jones, Jr.
United States Magistrate Judge